UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JUDITH A. ARMSTRONG, ) | |
| PERSONAL REPRESENTATIVE OF ) | |
| THE ESTATE OF JOHN DAVID ) | |
| BAKER, DOROTHY JEAN BAKER, ) | |
| WILLIAM P. STEPHENS, ) | Case No. 1:06-CV-0884-SEB-JMS |
| MARIGRACE STEPHENS, ) | |
| AETNA INC., and THE ST. PAUL ) | |
| TRAVELERS COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

**CONSENT JUDGMENT DECLARING
OWNERSHIP OF THE *ICE HOUSE COVER*__**

This matter came before the Court on a Stipulation Regarding the Ownership of the Ice House Cover filed by the Plaintiff, the United States of America, by counsel, and Defendants Judith Armstrong, personal representative of the Estate of John David Baker, Dorothy Jean Baker, Estate of J. David Baker, The Travelers Companies, Inc., formerly known as The St. Paul Travelers Companies, Inc. (inaccurately identified as The St. Paul Travelers Company, Inc.) ("Travelers"), Aetna Casualty and Surety Company (inaccurately identified as Aetna, Inc.)

1

("Aetna"), William P. Stephens and Marigrace Stephens, by counsel. The Court having reviewed said Stipulation, and being otherwise duly informed in the premises, now issues the following findings:

　　　　1. In 1869, the United States Postal Service issued a series of stamps bearing two colors, including a 90¢ stamp that bore a picture of President Abraham Lincoln. The 1869 issue was the first pictorial and two color series issued by the United States Postal Service. The 90¢ stamp had limited circulation before it was replaced the following year. The 90¢ stamp was the highest denomination stamp included in the 1869 issue and was an expensive stamp at the time.

　　　　2. In 1873, an envelope addressed to Mr. James H. Bancroft, Ice House, Calcutta, East Indies, was mailed from Boston, Massachusetts. A 90¢ stamp from the United States Postal Service's 1869 issue was affixed to this envelope. This envelope with the 1869 90¢ stamp affixed thereto is commonly known as the Ice House Cover. It is accepted in the philatelic community that the Ice House Cover is a unique item as it is the only cover in existence to be franked with a 90¢ 1869 pictorial issue stamp.

　　　　3. J. David Baker was a well known collector and prolific author on the subject of U.S. classic stamps and their history. One of the philatelic items that he acquired during his lifetime was the Ice House Cover.

　　　　4. On December 9, 1967, one or more members of an organized crime syndicate broke into J. David Baker's home, while he and his wife Dorothy Jean

Baker were away for the evening, and stole approximately 237 covers and stamps. The Ice House Cover was one of the philatelic items stolen from J. David Baker that evening.

5. J. David Baker was insured under a Personal Articles Policy Floater issued by insurer Aetna Insurance Company. This Personal Articles Floater Policy was in full force and effect on December 9, 1967. J. David Baker made a claim under the Policy as a result of the theft. Aetna paid J. David Baker the sum of $86,892.44, regarding the stolen philatelic items, which included the Ice House Cover.

6. In early 1974, a few of the stolen philatelic items were recovered by the police in Boston, Massachusetts. In November 1974, most, but still not all, of the remaining stolen philatelic items were recovered in Chicago, Illinois, from a major figure in a crime syndicate. The Ice House Cover and another philatelic item were not recovered at that time.

7. On or about November 18, 1975, J. David Baker filed a Complaint in *J. David Baker v. Aetna Insurance Company and Charles Jennings* ("*Baker v. Aetna*"), which was venued to the Hamilton Superior Court, Cause No. S76-082. In his Complaint, J. David Baker sought, among other theories of relief, possession of the Recovered Philatelic Items.

8. On November 16, 1977, a judgment was entered by the Honorable V. Sue Shields in *Baker v. Aetna*. The judgment gave possession of the Recovered Philatelic Items to J. David Baker upon reimbursement to Aetna.

9. On December 21, 1977, a "Receipt" was executed by J. David Baker and Charles Jennings. Pursuant to the Receipt, Aetna delivered to J. David Baker the Recovered Philatelic Items in its custody in exchange for payment of One Hundred Forty Three Thousand Six Hundred Fifty Dollars ($143,650.00) by J. David Baker.

10. On April 26, 1979, J. David Baker died. An estate was opened in the Marion Superior Court, Probate Division, whereby Judith Armstrong was appointed to serve as the personal representative.

11. On January 4, 2006, William Stephens and Marigrace Stephens, who had innocently recovered the Ice House Cover, took the Ice House Cover to the Stamp King in Chicago, Illinois, to determine its value. During this visit, the Ice House Cover was identified as stolen and the Chicago Police Department and Federal Bureau of Investigation were notified. In order to keep the Ice House Cover safe, the Stephens gave it to the FBI.

12. The FBI is in possession of the genuine and authentic Ice House Cover that was stolen on December 9, 1967, from J. David Baker. The FBI has been in continuous possession of the Ice House Cover since January, 4, 2006.

13. Shortly after the FBI took possession of the Ice House Cover, Judith Armstrong re-opened the Estate of J. David Baker.

14. Through a series of acquisitions, mergers or name changes, The Travelers Companies, Inc. is the successor-in-interest to Aetna Insurance Company.

15. After receiving competing demands for possession of the Ice House Cover

from the Estate of J. David Baker, and The Travelers Companies, Inc., formerly known as The St. Paul Travelers Companies, Inc. (inaccurately identified as The St. Paul Travelers Company, Inc.) ("Travelers"), Aetna Casualty and Surety Company (inaccurately identified as Aetna, Inc.) ("Aetna"), William P. Stephens, Marigrace Stephens, Jeffrey Forster, and Patricia Smithline, Personal Representative of the Estate of Duane Garrett, the United States of America initiated an interpleader action on June 5, 2006, in the United States District Court, Southern District of Indiana, at case number 1:06-CV-0884, to determine the rightful owner of the Ice House Cover.

16. On December 26, 2006, the court allowed Dorothy Jean Baker to intervene in this lawsuit.

17. The United States of America did not, and does not, assert any right, title or interest in the Ice House Cover.

18. On December 28, 2006, a default judgment was entered against Patricia Smithline, Personal Representative of the Estate of Duane Garrett for failure to plead or otherwise defend as required by law.

19. On April 30, 2007, Jeffrey Forster was dismissed from the lawsuit after he renounced and released all interest in the Ice House Cover.

20. The St. Paul Travelers Companies, Inc. (inaccurately identified as The St. Paul Travelers Company, Inc.), or any of its affiliated companies or predecessors-in-interest, has no right, title or interest in the Ice House Cover.

21. Aetna Casualty and Surety Company (inaccurately identified as Aetna, Inc.), or any of its affiliated companies or predecessors-in-interest, has no right, title or interest in the Ice House Cover.

22. William Stephens has no right, title or interest in the Ice House Cover.

23. Marigrace Stephens has no right, title or interest in the Ice House Cover.

24. Dorothy Jean Baker has no right, title or interest in the Ice House Cover except as an heir to the Estate of J. David Baker.

25. The Estate of J. David Baker is the sole and exclusive owner of the Ice House Cover and has all right, title and interest to the Ice House Cover.

26. The transfer of the Ice House Cover from the FBI to Judith Armstrong as personal representative of the Estate of J. David Baker shall be conducted at a date, time and location to be agreed upon by counsel for the United States of America and counsel for the Estate of J. David Baker.

27. That among the parties to this lawsuit, the Estate of J. David Baker has superior and exclusive ownership rights to any other philatelic item that was stolen on December 9, 1967, that has not yet been recovered; therefore, among the parties, the Estate of J. David Baker is the sole and exclusive owner to any other philatelic item that was stolen on December 9, 1967, that has not yet been recovered.

**THEREFORE BE IT ORDERED, ADJUDGED AND DECREED** that the United States of America has no right, title or interest in the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that The St.

Paul Travelers Companies, Inc. (inaccurately identified as The St. Paul Travelers Company, Inc.), or any of its affiliated companies or predecessors-in-interest, has no right, title or interest in the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that Aetna Casualty and Surety Company (inaccurately identified as Aetna, Inc.), or any of its affiliated companies or predecessors-in-interest, has no right, title or interest in the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that William Stephens has no right, title or interest in the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that Marigrace Stephens has no right, title or interest in the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that Patricia Smithline as personal Representative of the Estate of Duane Garrett has no right, title or interest in the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that Jeffrey Forster has no right, title or interest in the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that Dorothy Jean Baker has no right, title or interest in the Ice House Cover except as an heir to the Estate of J. David Baker.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that among the parties to this lawsuit, the Estate of J. David Baker has superior and exclusive

ownership rights to any other philatelic item that was stolen on December 9, 1967, that has not yet been recovered; therefore, among the parties, the Estate of J. David Baker is the sole and exclusive owner to any other philatelic item that was stolen on December 9, 1967, that has not yet been recovered.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that the Estate of J. David Baker is the sole and exclusive owner of the Ice House Cover and has all right, title and interest to the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that this Consent Declaratory Judgment is a full and final adjudication as to the ownership of the Ice House Cover.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that the Federal Bureau of Investigation shall transfer the Ice House Cover to Judith Armstrong as personal representative of the Estate of J. David Baker at a date, time and location to be agreed upon by the United States Attorney's Office and counsel for the Estate of J. David Baker, Scott A. Faultless.

**BE IT FURTHER ORDERED, ADJUDGED AND DECREED** that this Consent Declaratory Judgment is a full and final adjudication of all the issues raised in this case.

**SO ORDERED**   08/21/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

<u>Distribution</u>:

Scott A. Faultless
CRAIG KELLEY & FAULTLESS
5845 Lawton Loop East Drive
Indianapolis, IN 46216

Shelese Woods
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Henry Price
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, IN 46204

Steven J. Strawbridge
LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
Indianapolis, IN 46244-0961